NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TADEIUZ LUKASEWICZ, | : | |
| | : | Civil Action No. 21-4128 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| VALTRIS SPECIALTY CHEMICAL COMPANY, SOLUTIA, INC, JOHN DOES 1-10 and ABC CORPORATIONS 1-10, | : | |
| | : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon Plaintiff Tadeiuz Lukasewicz's ("Plaintiff") motion to remand for lack of subject matter jurisdiction. Defendants Solutia, Inc. ("Solutia") and Valtris Specialty Chemicals ("Valtris" and, collectively, "Defendants") oppose the motion. The Court has considered the papers filed by the parties. For the reasons that follow, the Court finds that it has federal subject matter jurisdiction. The motion to remand will be denied.

I.  **BACKGROUND**

Plaintiff, a citizen of New Jersey, initiated this action on September 23, 2020 in the Superior Court of New Jersey, Law Division, Union County. (D.E. 1.) The Complaint sets forth three claims for relief against Defendants and unnamed defendants John Does 1-10 and ABC Corporations 1-10. (D.E. 1.) According to the Complaint, on September 25, 2018, Plaintiff was an invitee on premises located at 170 U.S. Route 130 South in Bridgeport, N.J. (D.E. 1.) Plaintiff

alleges that this property was owned, operated, maintained, managed, cared for, erected, possessed, and controlled by defendants. (D.E. 1.) According to Plaintiff, Defendants "carelessly, recklessly and negligently caused the plaintiff to suffer injuries, pain, disability, lost wages and loss of enjoyment of life," "created and/or maintained a nuisance which resulted in injuries sustained by the plaintiff," and failed to "warn the plaintiff and otherwise make known to plaintiff the dangers and risks of being on the premises." (D.E. 1.)

Plaintiff sent the Summons and Complaint to Defendants, respectively, via Certified Mail Return Receipt on January 12, 2021. (D.E. 12.) Valtris received the Summons and Complaint at a post office in Bridgeport, New Jersey on January 19, 2021. (D.E. 12, Ex. 4.) Solutia received the Summons and Complaint on January 22, 2021 in St. Louis, Missouri. (D.E. 12, Ex. 5.) Solutia asserts that it was served copies of the Summons and Complaint on February 2, 2021, though it does not offer documentary evidence demonstrating as much. (D.E. 1 ¶ 3.)

On March 4, 2021—30 days after the date on which Solutia claims that it was served—Solutia removed this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1446. (D.E. 1.) The Notice of Removal asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. (D.E. 1, ¶ 10.) The Notice further states that the removal is timely under 28 U.S.C. § 1446. (D.E. 1, ¶ 6.) According to the Notice of Removal, Solutia and Valtris were the only named defendants to the action and, while Valtris had not yet been served, Valtris' counsel consented to the removal of the action. (D.E. 1, ¶¶ 1, 13.)

On March 31, 2021, Plaintiff made this motion to remand the action to the Superior Court of New Jersey. (D.E. 12.) Plaintiff argued that Defendants' notice of removal was untimely, and thus not effective. (D.E. 12.) The motion also asserted that Plaintiff intended to file an Amended Complaint which he intended to file "upon determination of the proper venue." (D.E. 12.)

On April 12, 2021, Plaintiff filed a letter with the Court purporting to amend its motion to remand. (D.E. 14.) In the letter, Plaintiff explained that at the time the Complaint was filed, he was represented by other counsel, and that Plaintiff's current counsel took over on February 4, 2021. (D.E. 14.) The letter asserts an additional ground for remand, arguing that removal by Defendants was premature. (D.E. 14.) The letter also asserts that Plaintiff will file an amended complaint "at the appropriate time." (D.E. 14.)[1]

On April 19, 2021, Solutia and Valtris filed their respective oppositions to Plaintiff's motion. Plaintiff filed his reply on April 26, 2021.

## II.   DISCUSSION

The Court notes at the outset that Plaintiff raises a new argument in support of his motion to remand in the letter filed with the Court after his opening brief. In the April 12, 2021 letter, Plaintiff argues, for the first time, that remand is appropriate because Defendants prematurely removed the matter to the Court, since "Plaintiff was . . . actively investigating this matter." (D.E. 14.) Plaintiff cites no authority to the proposition that because he is in the process of further investigating the claims, with the prospect of seeking to amend and add additional non-diverse

---

[1]   Plaintiff refiled the April 12, 2021 letter following a notice from the clerk of court, on April 19, 2021, that the letter was not properly signed and filed. (D.E. 15.)

3

parties, that this renders Defendant Solutia's removal "premature." In fact, there is no legal basis for such a contention. If Plaintiff wishes to amend the complaint in the manner he suggests, he is required to do so under 28 U.S.C. § 1447(e), which provides "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Such a determination has typically been done under the analytical approach set forth in Hensgens v. Deere & Co., 833 F.2d 1179, 1181–82 (5th Cir. 1987). Thus, this Court will deal with any effort to add additional parties and seek remand pursuant to Section 1447(e) only when and if such an application is made.

### A. Motion for Remand

Pursuant to 28 U.S.C. § 1441(a), any civil action over which the district courts of the United States have original jurisdiction may be removed from state court to federal court. Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. Under 28 U.S.C. § 1446(b)(1), a defendant has thirty days to remove a case, and this time limit "is a procedural provision, not a jurisdictional one." Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir.2010) (citing Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003)).

Because federal courts are courts of limited jurisdiction, removal statutes must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) (holding that 28 U.S.C. § 1441 is to be strictly construed against removal). The Third Circuit directs that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir.

4

1992) (holding that where a case is removed to federal court, all doubts concerning whether the Court has subject matter jurisdiction must be resolved in favor of remand). Indeed, federal statutory law mandates that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel–Bassett, 357 F.3d at 396.

Here, the fundamental issue is whether there was a procedural defect in the notice of removal, namely, whether the defendants' notice of removal was timely.

### B. Removal's Thirty Day Time Limit

Title 28, Section 1446(b)(1) of the United States Code states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b) (1). The Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999). The Court based this interpretation of Section 1446 "in light of a bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Id. at 347. Accordingly, "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir.2009) (citing

5

Murphy, 526 U.S. at 350); see also Advanced Surgery Ctr. v. Connecticut Gen. Life, Ins. Co., No. CIV.A. 12-2715 JLL, 2012 WL 3598815, at *1 (D.N.J. July 31, 2012), report and recommendation adopted, 2012 WL 3598799 (D.N.J. Aug. 21, 2012).

The Third Circuit also recognizes the "last served defendant rule" to permit removal within thirty days of service on the last defendant, even if the time to remove has expired on other defendants, so long as all other defendants consent to the removal. Bostrom v. New Jersey Div. of Youth & Family Servs., No. Civ. 11-1424 (JBS), 2011 WL 368 WL 3684817, at *3 (D.N.J. Aug. 22, 2011); Di Loreto, 351 Fed. App'x at 752.

### C. New Jersey Service Rules

Under New Jersey law, personal service is the primary method of effecting service. See N.J. Ct. R. 4:4–4(a), 4:4–5(a). When personal service cannot be effected within the state, Rule 4:4–4(b) permits substituted or constructive service by mail or personal service outside the state to obtain personal jurisdiction over a defendant. See N.J. Ct. R. 4:4–4(b). Substituted or constructive service, however, requires that plaintiff submit an affidavit demonstrating that he could not effect in-state personal service over a defendant "despite diligent effort and inquiry." N.J. Ct. R. 4:4–4(b)(1). After a reasonable and good faith attempt at in-state personal service, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested. See R. N.J. Ct. R. 4:4–4(b)(1)(C).

The Appellate Division of the New Jersey Superior Court has stated that "[t]he filing of an affidavit of inquiry is not a mere technicality—it is a mandatory jurisdictional requirement." Burgos v. Int'l Vacation Club, Ltd., Docket No. L–1721–09, 2012 WL 787385, at *2 (N.J.Super.Ct.App.Div. Mar.13, 2012) (finding that the failure to file an affidavit of service was

one of "several fatal defects in service of process"). "If a defendant cannot be personally served within the State, in personam jurisdiction can only be obtained by mail or personal service outside the State '[i]f it appears by affidavit satisfying the requirements of R. 4:4–5(b) that despite diligent effect and inquiry personal service cannot be made in accordance with [Rule 4:4–4(a)].'" Burgos, 2012 WL 787385, at *2 (quoting N.J. Civ. R. 4:4–4(b) (1)) (alteration in Burgos); see also Advanced Surgery 2012 WL 3598815, at *1.

### D. Defendant Solutia's Notice of Removal was Timely

Plaintiff's argument-in-chief contends that he effected service on Valtris on January 19, 2021 and on Solutia on January 22, 2021, and that Defendants each had 30 days from the date on which they were served to remove the action. Because the date this action was removed—March 4, 2021—was not within either of Defendants' respective 30-day windows, the removal was untimely, according to Plaintiff. As an alternative ground, Plaintiff argues that there is "ambiguity" regarding the date service was completed, and this ambiguity should be resolved in favor of remand.

Defendant Solutia argues that since it is a non-resident corporation, Plaintiff was obligated to make a diligent effort and inquiry into serving Solutia pursuant to N.J. Ct. R. 4:4–4(a) before attempting service via N.J. Ct. R. 4:4–4(b). According to Solutia, because Plaintiff failed to make and attest to a diligent effort to serve Solutia's in-state registered agent before seeking to effect substituted service outside the state, any attempted service was rendered ineffective. This in turn, Solutia continues, means that the 30-day clock for removal was not triggered. Defendant Valtris argues that, pursuant to the Third Circuit's "last served defendant" rule, its 30-day clock for removal was triggered on the date the latest-served defendant—here, purportedly Solutia—

7

received service.

In his reply, Plaintiff acknowledges that "Plaintiff's previous counsel did not file an affidavit of diligent inquiry prior to serving Defendants with the Summons and Complaint via certified mail" and "urges that service [purportedly effective on January 19 and 22, 2021] was proper and that the date of service should have started the thirty-day time limit for Defendants to file their removal." (D.E. 18 at 3–4.)[2]

Solutia is a Delaware corporation with its principal place of business in St. Louis Missouri. Plaintiff attempted to serve Solutia by mail, sending the Superior Court Summons and Complaint via certified mail to Solutia's corporate facility in St. Louis, Missouri. The Summons and Complaint were delivered on January 22, 2021. As the New Jersey courts have emphasized, substituted service can only be effected with an affidavit demonstrating a party's "diligent effort and inquiry." New Jersey Court Rule 4:4–5(b). There is no indication before the Court that Plaintiff filed such an affidavit, or even that it made a diligent effort and inquiry to properly serve Defendants. As the failure to file an affidavit of diligent inquiry is not a "mere technicality" but a "fatal defect," the Court concludes that Solutia was not served on January 22, 2021. Similarly, Plaintiff failed to effect substituted service over non-resident corporation Valtris on January 19, 2021 when he sent process via certified mail without an affidavit of diligent inquiry.[3]

Plaintiff tries to wave away the effect of his defective service on Defendants by referring

---

[2] In his reply, Plaintiff argues that the Court should "disregard [Solutia's] arguments" related to Advanced Surgery, on the grounds that New Jersey Rule 1:36-3 states that unpublished opinions are not precedential or binding, as well as objecting to the arguments on the basis that Solutia failed to follow New Jersey procedure when Solutia cited to the opinion in its brief. (D.E. 18 at 6.) State rules concerning the precedential value of unpublished opinions are simply inapplicable to federal court decisions.

[3] According to the Notice of Removal, Valtris is not a New Jersey corporation and has its principal place of business in Ohio. (D.E. 3).

8

to an "ambiguity as to when Defendants were served with the Summons and Complaint." (D.E. 12 at 3.) A disagreement between the parties, however, is simply not enough to establish an "ambiguity" requiring remand: Plaintiff unequivocally failed to serve Defendants Valtris and Solutia on January 19 and 22, 2021, respectively.[4] "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999). Because Plaintiff did not file an affidavit attesting to the appropriate diligence, its attempts at service were ineffective, and thus the 30-day timeline to remove was not triggered on January 19, 2021.

### E.  Section 1448 Does Not Permit Remand of the Action

In his April 26, 2021 reply, Plaintiff argues for the first time that defects in service in state court may be cured once the action has been removed to federal district court, pursuant to 28 U.S.C. § 1448. (D.E. 18.) Under Plaintiff's theory this Court should excuse any defects in his attempts at service, but still use the dates of those defective attempts nunc pro tunc as operable for purposes of the 30-day timeline set forth in 28 U.S.C. § 1446(b)(1). The Court disagrees.

In pertinent part Section 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

---

[4]  Because neither Defendant was properly served, Valtris' reliance on the "last served defendant" rule is mooted.

Accordingly, where service in state proceedings is incomplete or defective and a case already has been removed to federal court, Section 1448 allows a plaintiff to prospectively complete or newly issue service. What Section 1448 does not do, however, is permit the Court to render effective Plaintiff's past, flawed attempts at service. Cf. Morton v. Meagher, 171 F. Supp. 2d 611, 615 (E.D. Va. 2001) (Section 1448 "does not retroactively extend the time limits prescribed by state law in cases where service was untimely before the action is removed to federal court.").

Plaintiff's reliance on Wright v. Xerox Corp., 882 F.Supp. 399, 410–11 (D.N.J.1995) is misplaced. In Wright, defendants moved to dismiss the action for, among other things, defective service of process on the grounds that the substituted service was not accompanied by an affidavit that plaintiff had made a diligent effort and inquiry into personal service within the state. Id. There, plaintiff acknowledged that it belatedly filed the affidavit and subsequently filed an affidavit detailing the steps that he had taken to cure the deficiency. Id. In refusing to dismiss the action, the court relied on Section 1448's instruction that service "may be completed or new process issued in the same manner as in cases originally filed in [the] district court." Id. Thus, the plaintiff in Wright had the opportunity to effect proper service, of which he availed himself.

The Court will not—indeed, cannot—excuse Plaintiff's failure to properly serve Defendants with process to remedy his mistakes.

### III. CONCLUSION

The Court is satisfied that is has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and that the action was properly removed under 28 U.S.C. § 1446. For the foregoing reasons, the Court will deny Plaintiff's motion to remand this action.

An appropriate Order will be filed.

s/ Stanley R. Chesler<br>STANLEY R. CHESLER<br>United States District Judge

Dated: May 17, 2021