UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TADEIUZ LUKASEWICZ, | Civil Action No. 21-4128 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| VALTRIS SPECIALTY CHEMICAL COMPANY et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter comes before the Court on the motion to amend the Complaint and remand the case to the Superior Court of New Jersey by Plaintiff Tadeusz Lukaszewicz. The notice of removal filed on March 4, 2021 alleges that this Court has diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332. In short, Plaintiff moves to amend the Complaint to add allegedly indispensable parties whose presence in the case will destroy diversity, thus requiring that this Court remand this case because it no longer has subject matter jurisdiction. Defendant Valtris Specialty Chemical Company ("Valtris") opposes the motion to amend and remand. For the reasons that follow, the motion to amend and remand will be denied.

Plaintiff asks to be granted leave to file a First Amended Complaint to name Robert Knighton and Polymer Additives, Inc. as additional direct defendants, as well as Plaintiff's wife as an additional Plaintiff asserting a new claim. Plaintiff also seeks to add another new claim. Plaintiff filed the original Complaint in this personal injury action on September 23, 2020 in the

1

Superior Court of New Jersey. The original complaint brought the action against a set of defendants that included fictitious defendants John Does 1-10 and ABC Corporations 1-10. On March 4, Defendant Solutia, Inc. filed a notice of removal. On August 11, 2021, Plaintiff and Solutia, Inc. filed a stipulation of dismissal, and Solutia, Inc. was dismissed from this case.

This Court first addresses the request to amend to substitute Robert Knighton ("RK") as a John Doe defendant, whose addition to the case would destroy diversity. Plaintiff contends that RK was a plant manager at the site at issue and that he was responsible in part for the negligence at issue in the case. Plaintiff anticipates that Valtris will oppose this based on a fraudulent joinder argument, which Plaintiff attempts to counter in advance. Valtris does indeed make such an argument, but this Court finds that it need not reach the issue of fraudulent joinder. Plaintiff also argues that this motion should be granted based on the analysis set forth in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), and this Court agrees that Hensgen states the relevant law. Although Valtris does not address Hensgen, Valtris argues persuasively that, as to RK, the proposed Amended Complaint fails to state a valid claim for relief under federal pleading standards.

The removal statute, 28 U.S.C. § 1447(e), states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The statute thus entrusts this decision to the discretion of this Court. Hensgens states:

> The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the

2

> defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.

833 F.2d at 1182. Hensgens thus states three specific considerations, plus any other factors bearing on the equities.

In the instant case, this Court begins by observing that, as Valtris contends, the proposed Amended Complaint alleges no facts whatever to support the liability of RK. The only specific fact about RK alleged is that he is a plant manager at a location of significance to the claims. The remaining statements are vague and purely conclusory, alleging no specific facts. The proposed Amended Complaint makes plausible no claims against Robert Knighton. The Court now turns to the Hensgen analysis.

The first Hensgens factor entails consideration of the extent to which the purpose of the proposed amendment is to destroy the Court's jurisdiction. Given that this Court has determined that the proposed Amended Complaint alleges no specific facts to support any claims against RK, the only possible purpose for the proposed amendment is to destroy diversity.

As to the second Hensgens factor, whether plaintiff has been dilatory in asking for amendment, Plaintiff contends that he only learned RK's name following discovery received in June, 2021. Valtris does not contend otherwise, but points out that the proposed Amended Complaint indicates that Plaintiff did not discover any information indicating that RK actually played a role in any events alleged in the Complaint. While Plaintiff has not been dilatory, the timing of this motion is consistent with an attempt to destroy diversity: Plaintiff filed this motion

3

roughly two months after this Court denied Plaintiff's prior motion to remand. This sequence of events is strongly suggestive that the amendment is prompted by a desire to avoid Federal jurisdiction.

As to the third <u>Hensgens</u> factor, whether plaintiff will be significantly injured if amendment is not allowed, there can be no prejudice to a plaintiff who is denied leave to file an amendment that fails to state a valid claim for relief under federal pleading standards. Moreover, even if RK bore some responsibility for the negligence alleged, the employer would be liable under the doctrine of *respondeat superior*. Denying the motion works no prejudice on Plaintiff.

This Court has considered the three applicable <u>Hensgens</u> factors and finds that all three weigh in favor of denying the motion to amend the Complaint. The evidence of record supports the inference that the primary intent of Plaintiff in bringing the motion to substitute RK is to destroy diversity, the sequence of events in this case supports this inference, and that Plaintiff will not be prejudiced by denial of this motion. This Court will therefore exercise its discretion under 28 U.S.C. § 1447(e) to deny Plaintiff's motion as to RK.

Plaintiff did not brief any of the remaining aspects of Plaintiff's motion to amend the Complaint. The motion to amend and remand will be denied in its entirety.

For these reasons,

**IT IS** on this 23rd day of August, 2021

**ORDERED** that Plaintiff's motion to amend and remand (Docket Entry No. 26) is **DENIED**.

                                                s/ Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J