UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TADEIUZ LUKASEWICZ, | Civil Action No. 21-4128 (SRC) |
| Plaintiff, | |
| v. | OPINION & ORDER |
| VALTRIS SPECIALTY CHEMICAL COMPANY et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for reconsideration of this Court's Opinion and Order, dated August 23, 2021, by Plaintiff Tadeusz Lukaszewicz. In that decision, this Court denied Plaintiff's motion to amend the Complaint and remand the case to the Superior Court of New Jersey. For the reasons that follow, the motion for reconsideration will be denied.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." In re Energy Future Holdings Corp., 904 F.3d 298, 311 (3d Cir. 2018); L. Civ. R. 7.1(i).

Plaintiff moves for reconsideration on two grounds. First, Plaintiff challenges the decision to deny leave to amend to add Robert Knighton as a named Defendant. Plaintiff argues

1

that this Court erroneously applied federal pleading standards to a case in federal court, instead of applying the New Jersey pleading standards used in New Jersey state courts. This is a frivolous argument.

Second, Plaintiff argues that this Court overlooked that aspect of Plaintiff's motion to amend that sought leave to add Plaintiff's wife as a party and her *per quod* claim. Plaintiff's original moving brief for the motion to amend and remand is ten pages long, with one page of introduction and nine pages of argument. Not once, in the nine pages of argument, does Plaintiff mention his wife or her claim. The introduction page contains one sentence which states: "Other indispensable parties include Polymer Additives, Inc. as the owner of the property where Plaintiff was injured and Plaintiff's wife, for her per quod claim." (Pl.'s Amend Br. 1.) Plaintiff's brief raised no argument that he should be granted leave to amend the Complaint to add his wife and her claim. The Court overlooked nothing. Plaintiff may move to amend the Complaint to add his wife and her claim, and should submit an argument in support.

Plaintiff has failed to show a basis for reconsideration of any of this Court's decisions. The motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 22nd day of September, 2021,

**ORDERED** that Plaintiff's motion for reconsideration (Docket Entry No. 39) is **DENIED**.

                                                     s/ Stanley R. Chesler  
                                                    Stanley R. Chesler, U.S.D.J