UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TADEIUZ LUKASEWICZ,<br><br>        Plaintiff,<br><br>        v.<br><br>VALTRIS SPECIALTY CHEMICAL COMPANY, SOLUTIA, INC., JOHN DOES 1-10 and ABC CORPORATIONS 1-10,<br><br>        Defendants. | **Civil Action No. 2:21-cv-04128-SRC-CLW**<br><br>**OPINION** |

## I. Introduction

This matter is before the Court on the motion of plaintiff Tadeiuz Lukasewicz ("Plaintiff") seeking to amend his complaint by (i) correcting the name of Defendant Valtris Specialty Chemical Company ("Valtris"); (ii) adding Plaintiff's wife Cecylia Lukasewicz ("Cecylia") as a *per quod* plaintiff; and (iii) correcting the names of certain fictitious defendant entities and adding others. ECF No. 44. The motion has been referred to the undersigned by the Honorable Stanley R. Chesler, and it is fully briefed. The Court decides the matter without oral argument per FED. R. CIV. P. 78(b) and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## II. Background

Plaintiff filed this action in New Jersey state court in September 2020, claiming injuries from an alleged accident occurring on September 25, 2018. *See* ECF No. 1-1, Exhibit A (the "Complaint"). After the action was removed to this Court, ECF No. 1, Plaintiff moved (i) to remand; and (ii) to amend his Complaint to add a non-diverse defendant and to remand, both of

which motions were denied (as was Plaintiff's motion for reconsideration of the latter). *See* ECF No. 12, 22, 23, 26, 38, 39, 41.

### III. Legal Standard

As Plaintiff's motion is timely under the Court's scheduling order, ECF No. 21 at ¶ 2, it is governed by FED. R. CIV. P. 15(a)(2), under which "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The "three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend [are] when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016) (quoting *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)).

### IV. Analysis

#### a. Correction to Valtris' Name

Plaintiff's proposed amended complaint changes Valtris' name from "Valtris Specialty Chemical Company" to "Polymer Additives, Inc. d/b/a Valtris Specialty Chemicals." *See* ECF No. 44-2, Exhibit 1 (the "PAC"). Valtris raises no objection to this ministerial correction, which the Court will therefore permit.[1]

#### b. Addition of Cecylia

Plaintiff seeks to add Cecylia as a party; specifically, for her to assert a *per quod* claim for loss of consortium due to Plaintiff's alleged injuries. *See* PAC, Fifth Count. This proposed amendment must be denied as untimely and therefore futile under Rule 15.

---

[1] The Court will also remove from the case caption defendant Solutia, Inc., as to which the matter has been dismissed, *see* ECF No. 37, and change the spelling of Plaintiff's name as reflected in the PAC.

It is settled that New Jersey's "two year personal injury statute of limitations applies to [a spouse's] *per quod* claim." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 574 (3d Cir. 1976). Under the well-known "discovery rule," however, "a statute of limitations begins to run when a plaintiff discovers or should have discovered the injury that forms the basis of his claim." *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007) (citing *Romero v. Allstate Corp.*, 404 F.3d 212, 222 (3d Cir. 2005)). "Before applying the discovery rule a court must . . . first address 'the ability of the injured party, exercising reasonable diligence, to know that she has been injured by the act of another.'" *Parkhill v. Gordon*, 80 F. App'x 223, 225-26 (3d Cir. 2003) (quoting *Murphy v. Saavedra*, 560 Pa. 423, 746 A.2d 92, 94 (Pa. 2000) (emphasis removed)). "Under New Jersey law, the burden of proof with respect to the application of the discovery rule rests with the party seeking to claim the benefit of that rule." *Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 2d 470, 487 (D.N.J. 2002) (citing *Lopez v. Swyer*, 62 N.J. 267 (1973)).

The crux of Plaintiff's argument on this point is that Cecylia's "loss of consortium is ever evolving as she discovers new activities she can no longer do with her husband after the accident." ECF No. 44 at 4. This argument is not completely without potential merit: courts have recognized, for statute of limitations purposes, "[a] complication [that] arises when the injury . . . develops over time." *Vitalo v. Cabot Corp.*, 399 F.3d 536, 538 (3d Cir. 2005); *see, e.g.*, *Rivera v. Hovensa, LLC*, 2012 U.S. Dist. LEXIS 83977, at *17 (D.V.I. June 18, 2012) ("[W]ith regard to the applicability of the discovery rule, . . . the date of Plaintiffs' harm, and the resulting accrual date of their injuries, is difficult to identify" since "[i]t appears that [plaintiffs] may have suffered harm over time . . . ."). Thus, Plaintiff may have a viable argument if he can demonstrate that Cecylia only recently began to suffer the injuries alleged in her proposed *per quod* claim.

3

Ultimately, though, Plaintiff fails to meet his burden to justify application of the discovery rule. The main problem is that Plaintiff fails to support his argument with competent evidence, instead presenting statements by his attorney concerning Cecylia's alleged damages. This is not enough. As stated by the New Jersey Appellate Division in *Baranyi v. Penn*, 2010 N.J. Super. Unpub. LEXIS 3102 (Super. Ct. App. Div. Dec. 27, 2010),

> our review of the allegations set forth in the present case leads us to conclude that [plaintiff] has failed to set forth a factual foundation for his claim that he did not and could not have known of the existence of a cause of action at the time that the motor vehicle accident occurred and thus is entitled to a discovery rule hearing to determine the date of accrual of his cause of action. Indeed, the record is devoid of any certification by [plaintiff] as to the nature of his injuries and the date of their manifestation, any medical records or reports, or any competent evidence in any form that might serve as a basis for [plaintiff's] discovery rule claim.

*Id.* at *4-5. The same is true here, where Plaintiff submits no evidence that his wife only recently learned or should have learned of the injuries giving rise to a possible claim against Valtris.

Additionally, even counsel's self-serving statement provides only that Cecylia's claim is "evolving" and involving "*new* activities she can no longer do with her husband after the accident." ECF No. 44 at 4 (emphasis added). This suggests that there previously existed *some* activities that Cecylia was unable to perform due to the alleged accident. The fact that these restrictions did not trigger Cecylia to investigate her rights against Valtris constitutes a lack of reasonable diligence under the discovery rule. *See Vitalo*, 399 F.3d at 543 (reasonable diligence "requires that putative plaintiffs 'exhibit[] those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others'") (quoting *Cochran v. GAF Corp.*, 666 A.2d 245, 249 (Pa. 1995)). Thus,

even if counsel's statements were certified by Cecylia herself, they would not suffice to warrant application of the discovery rule to salvage this claim.[2]

Plaintiff's discovery rule argument thus fails. As a result, the proposed *per quod* claim is untimely and therefore rejected as futile.

    c. **Fictitious Entities**

Plaintiff requests to make two changes to the fictitious defendants currently named as John Does 1-10 and ABC Corporations 1-10. He first wants to delineate these parties as John Does and ABC Corporations 1-5 representing property owners and John Does and ABC Corporations 6-10 as property managers and/or operators. He also seeks to add John Does 11-15 and ABC Corporations 11-15 to include parties "charged with the installation, design, and/or maintenance of the door, doorway and/or walkway/ramp at the entryway of the guardhouse on the premises." PAC at ¶ 5.

New Jersey's fictitious party rule provides that "if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name . . . ." N.J. Court Rules, *R*. 4:26-4. "Fictitious-party practice renders the initial filing against the identified but unnamed defendant timely in the first instance, subject only to diligent action by the plaintiff to insert defendant's real name." *Greczyn v. Colgate-Palmolive*, 183 N.J. 5, 17 n.3 (2005).

Plaintiff's first request is denied. Initially, it is unnecessary. The Complaint alleges that on the date of the alleged injury, "Plaintiff was on property *owned*, *operated*, [and] *managed* . . .

---

[2] The Court also rejects any argument that Plaintiff should be afforded additional time for this claim due to the substitution of counsel in February 2021. Plaintiff provides no support for this contention, and in any event, he was represented by his current counsel for more than eight months before bringing this motion. *See* ECF No. 44-2, Exhibit 3.

by defendants . . . John Does (1-10 fictitiously named persons) and ABC Corporations 1-10 (fictitiously named entities.).” Complaint at ¶ 2 (emphasis added). Thus, John Does 1-10 and ABC Corporations 1-10 may refer to property owners, managers, and/or operators. It is unclear what Plaintiff seeks to accomplish by specifying that certain of these (still-unidentified) parties are owners and certain others are managers or operators.

Moreover, "at a minimum, 'plaintiffs must investigate all potentially responsible parties in a timely manner' in order to satisfy the diligence requirement" under the fictitious party rule. *Scanlon v. Lawson*, 2020 U.S. Dist. LEXIS 24007, at *19 (D.N.J. Feb. 6, 2020) (quoting *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 354 (3d Cir. 2004)). Although, as noted, Plaintiff's motion seeks not to identify the proper parties, but merely to adjust the Complaint's reference to them, the fact that Plaintiff has made no effort to identify these parties in the year between the filing of the Complaint and the present motion only reinforces the notion that Plaintiff has not been acting diligently to identify the correct defendants. While the Court will not rule on Plaintiff's right to do so under *R.* 4:26-4 — that question is not raised on this motion — it sees no reason to grant Plaintiff's request to adjust the fictitious party names.

The Court will likewise deny Plaintiff's request to add fictitious entities 11-15, as there is no reason why Plaintiff waited until the filing of this motion to add these fictitious parties. As above, this conclusion does not grow directly from the diligence requirement under the fictitious party rule, which pertains to "insert[ing a] defendant's real name", *Greczyn*, *supra*, but instead from Rule 15's undue delay element. Being that these proposed parties *themselves* are fictitious, there is no reason why Plaintiff could not have moved earlier to add them: Plaintiff would not even have needed to investigate and ascertain their identities in order to name them as John Does and ABC Corporations 11-15. Plaintiffs' delay of one full year to even insert placeholders for

these putative defendants constitutes an undue delay. *See, e.g.*, *Wagner v. Pat Salmon & Sons, Inc.*, 2021 U.S. Dist. LEXIS 11934, at *8 (M.D. Pa. Jan. 22, 2021) ("Because Plaintiffs have offered no cogent explanation for why they waited . . . nine months to seek leave to amend, the Court also denies the motion . . . based on undue delay.").[3]

## V. Conclusion

An Order consistent with this Opinion follows.

Dated: May 9, 2022

*/s/ Cathy L. Waldor*
Cathy L. Waldor, U.S.M.J.

---

[3] The Court also notes that Plaintiff seems intent on having this case remanded to state court. *See* ECF No. 12, 26, 39. The Court has determined on at least one occasion that "the only possible purpose for [Plaintiff's] proposed amendment is to destroy diversity." *See* ECF No. 38 at 3. This potential dilatory motive reinforces the Court's hesitance to permit Plaintiff to introduce new undefined parties at this stage in the litigation.